IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

Jackie Logan,                                     )
                                                  )
                                                  )        Civil Action No. 6:14-3174-TMC-KFM
                        Plaintiff,                )
                                                  )        **REPORT OF MAGISTRATE JUDGE**
        vs.                                       )
                                                  )
Summit Media, Rhonda Rawlings,                    )
The Program Director, and                         )
The Receptionist,                                 )
                                                  )
                                                  )
                        Defendants.               )
                                                  )

        The plaintiff is a resident of Greenville, South Carolina.  In the above-
caption case, the plaintiff has brought suit against a media company, which operates
broadcast radio stations in the upstate area of South Carolina, and three employees of that
company.

        The "STATEMENT OF CLAIM" portion of the complaint reveals that this civil
action arises out of an alleged misdirected voice mail message.  According to the plaintiff,
he left a telephone voice mail message directed to a specific person, but his voice mail
message was forwarded to other employees at the broadcast station (doc. 1 at 3).  The
plaintiff indicates that the "General Program Director" at the broadcast station has refused
to provide to the plaintiff the names of the program director and the receptionist (*Id.*).  The
plaintiff contends that, under FCC rules, his civil rights have been violated (*Id.*).  In his
prayer for relief, the plaintiff seeks five million dollars in damages and indicates that the
purpose of his voice mail message was to complain about two employees (*Id.* at 5).

        In an order (doc. 8) filed in this case on August 12, 2014, the undersigned
granted the plaintiff's motion for leave to proceed *in forma pauperis* and directed the plaintiff

to bring this case into "proper form" by submitting Forms USM-285, summonses, Answers to Rule 26.01 Interrogatories, and Answers to Special Interrogatories.  The plaintiff has done so.  In his Answers to Special Interrogatories, the plaintiff indicates that he was calling broadcast Station (FM) "107.3 Jamz" and that his voice mail was directed to Mark Shannon (doc. 13 at 1).  The plaintiff made the call with his Sprint cellular telephone (*Id.*).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915.  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

There is no basis for federal question jurisdiction in this case under 28 U.S.C. § 1331 because Defendants, as a private citizens and a private company, have not acted under color of state law.  *See American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999); and *Childress v. First Citizens Bank*, Civil Action No. 2:13-1010-SB, 2013 WL 3229867, at *4 (D.S.C. June 25, 2013).

The plaintiff cannot sue Summit Media or its employees under what the plaintiff refers to as "FCC rules" because Summit Media is not a "provider" of telephone services to the plaintiff.  *See* 47 C.F.R. §§ 1.47(h), 54.5, 64.601 (Westlaw 2014).  In his Answers to Special Interrogatories, the plaintiff acknowledges that his provider of telephone services is Sprint (doc. 13 at 1), not Summit Media.

This federal court does not have diversity jurisdiction to consider any state law claims pursuant to South Carolina law because the plaintiff and at least one of the

defendants are citizens of South Carolina. *See* 28 U.S.C. § 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.  The plaintiff's attention is directed to the Notice on the next page.


August 26, 2014                                           s/ Kevin F. McDonald
Greenville, South Carolina                            United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).